## Himes, Appellant, *v.* Pittsburg.

*Road law—Widening street—Life tenant—Rentals—Damages.*

A life tenant is not entitled to recover damages from a city for widening a street, where the evidence shows that the expenses of changing the buildings after the widening of the street were borne entirely by the tenants, and that the rentals after the widening were greater than they were before.

Argued Oct. 26, 1905. Appeal, No. 87, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1903, No. 451, on verdict for defendant in case of Sophia R. Himes v. City of Pittsburg. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from report of jury of view. Before EVANS, J.

The court charged in part as follows:

What was the value of the life estate immediately after this ordinance was passed taking ten feet from this property and giving to the property a sixty-foot street?

Those two questions are not so readily solved, I imagine, by the jury, as the ordinary questions involved in such cases as this, for the simple reason that the ascertaining of the value of a life estate is more difficult than ascertaining the value of a fee. They are not in the market to the same extent that fee simple titles are, and, therefore, it is more difficult to determine that question. For that reason we have permitted other evidence not directly bearing upon the question of the value of this life estate, and therefore not directly the measure of damages in this case but having some relation to the value of the life estate and throwing some light upon the true measure of damages in this case, namely, the value of this property before and after the taking of that ten feet and the widening of the street. We have, therefore, permitted the plaintiff to show what was the rental value of this property and what was the actual rent being paid for it, and what was the cost of putting the property in necessary repair to conform to the new situation after the widening of the street.

All these questions have been admitted here and you have heard witnesses testifying in regard to those questions, namely, as to the ordinary rental value of such property as that at the present time and the rent which this life tenant was getting and what it cost to change this property to conform to the new street as it has been widened by the city.

[Let me say to you again that those facts are not the basis upon which you find your verdict. That is, the cost to this woman of changing this property, not necessarily the amount of damages which she suffered. They throw some light upon that subject, but the amount of damages which she suffered, if she suffered any at all, is the difference between the value of her life estate before and after the widening of this street.]

[1] Keeping that measure of damages in view all the time, you consider these other questions, and if you find that she has been damaged—that her life estate is worth less by reason of the widening of this street and the taking of ten feet off of this land—then to the extent of that depreciation she is entitled to a verdict.

[If you find that her life estate was worth just as much after this as it was before, then you find for the defendant; because in determining this question you must, of course, take into consideration two facts: This property has lost ten feet of its ground; it is situated now upon a sixty-foot street instead of a fifty-foot street as it was before; and the testimony of witnesses is that ordinarily the widening of a street benefits the property, but it is for you to determine—taking those two questions into account, namely, that the property has lost ten feet of its length and that it has a sixty-foot street instead of a fifty-foot street—this question as to whether this property has been depreciated by reason of this improvement.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Wm. M. Hall, Jr.* for appellant.

*T. D. Carnahan,* with him *W. B. Rodgers,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1906 :

Counsel for appellant in this case argues that the charge of the court below was inadequate, because the verdict of the jury was against his contention. This does not necessarily follow. The jury may very well have been convinced from the evidence that the plaintiff suffered no damage. In fact it would be most difficult to find any basis in the testimony for any other conclusion. The plaintiff possessed only a life estate in the property. For all practical purposes the value of the life estate was measured by the amount of rent she received. When the city widened and improved the street, it converted ten feet of ground from the front end of the lot into that much additional width to the street. These changes made necessary some alterations in the buildings. But these alterations were all made by the tenants at their own expense, and the plaintiff was not put to one penny of expenditure upon that account. Not only did the tenants bear the cost of the changes, but the evidence showed that the plaintiff was able to secure an extension of the lease from the same tenants at an increased rental. How could the jury in the face of these facts have found that the plaintiff had suffered any damages ? If they had so found it would have been clearly a mistake. The testimony of Mr. Kelly wherein he attempted to value the life estate in a lump sum was only guesswork. He said himself that he could only give an approximation of the rental value of the property before the change. When pressed for an opinion he said he thought it should rent for $1,500 a year. Yet the evidence showed that as a matter of fact it had been renting for $1,000 a year for several years past. Why should the jury have been influenced by the opinion of a witness who admitted he was not familiar with rentals in that immediate locality ?

We see no error in the charge of the court, it was as ample as the circumstances of the case required, and the measure of damages was properly set forth. Counsel for plaintiff presented no additional points for instructions to the jury, nor did he ask for any further elaboration at the time.

The assignments of error are overruled and the judgment is affirmed.